FILED IN CHAMBERS
U.S.D.C. Rome

MAY 01 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNNY JOHNSON, GDC NO. 757406, | : : : |
| Plaintiff, | : : |
| v. | : CIVIL RIGHTS COMPLAINT : 42 U.S.C. § 1983 : |
| JAMES DONALD; STEVE UPTON; BETTY DEAN; BRIAN HAMBY; RICHARD ADDISON; and MATTHEW LYLE, | : CIVIL ACTION NO. : 1:07-CV-0856-RLV : : : |
| Defendants. | : |

O R D E R

Plaintiff has submitted the instant <u>pro se</u> civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  <u>The Standard of Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

AO 72A
(Rev.8/82)

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276

AO 72A
(Rev.8/82)

(11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II. Discussion

Plaintiff is currently confined at the Hays State Prison in Trion, Georgia. According to Plaintiff, on January 3, 2007, a shakedown of the prison was conducted by the Institutional Emergency Riot Team. (Doc. 1 at ¶ IV). This team is supervised by Defendant Lyle. (Id.). During the shakedown, Defendant Hamby, a prison official, entered Plaintiff's cell to search for contraband. (Id.). Although allegedly not finding any "overt" contraband, Hamby confiscated seven legal books, five religious books, a pair of pajama bottoms, and three trial transcripts belonging to other inmates. (Id.). Plaintiff acknowledges that these items were confiscated as "nuisance contraband" because he possessed "excessive amounts" of the authorized items. (Doc. 1, attachment at 11). Plaintiff claims, however, that the confiscated items are not subject to quantity limitations. (Id. at 6). Plaintiff also states that he was providing legal assistance for other inmates, and prison regulations permit such assistance. (Doc. 1 at ¶ IV).

3

AO 72A
(Rev.8/82)

Defendant Addison, a prison official, allegedly identified and recorded the confiscated items. (Doc. 1, attachment at 1). Plaintiff states that he had the option of having these items mailed to his home, and he requested that option. (Id.). According to Plaintiff, Addison apparently mislabeled the items and Lyle failed to follow prison procedure for handling confiscated items. (Id.). Consequently, these items were destroyed. (Id.).

Plaintiff states that he filed a formal grievance on February 20, 2007. (Id.). Plaintiff alleges that Lyle, Hamby and Addison gave false testimony, and Defendant Upton, Warden of the Hays State Prison, found in favor of the three prison officials. (Id. at 1-2; Doc. 1 at ¶ II(D)).

Plaintiff states that filed four or five informal grievances (Doc. 1 at ¶ II(D); Doc. 1, attachment at 5). Plaintiff alleges that Defendant Dean, Deputy Warden of Hays State Prison, gave "tacit approval" of the actions of Lyle, Hamby and Addison by failing to investigate the prison policy concerning contraband adequately or "to attempt a resolution" of the matter. (Id. at 5). Plaintiff also alleges that all of his grievances "were held beyond [the] response time." (Doc. 1 at ¶ II(D)). When Plaintiff attempted to resubmit the grievances,

4

they were rejected for being filed "out of time." (Id.). Although explicitly stating that he sought resolution of the matter at the institutional level, Plaintiff does not allege that he pursued additional administrative remedies.

Plaintiff alleges that he has been deprived of legal and religious materials in violation of the First Amendment and his due process rights. (Doc. 1 at ¶ IV). Plaintiff also alleges that the confiscation and destruction of the items was done in retaliation for filing a civil action against a prison official who is not named in this action. (Doc. 1, attachment at 3). Finally, Plaintiff contends Defendants Dean and Upton showed deliberate indifference to the violation of prison policy and Plaintiff's constitutional rights. (Id. at 4-5). Plaintiff seeks money damages and equitable relief. (Id. at 13-14).

Title 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("we hold that the . . . exhaustion requirement applies to all inmate suits about prison life"); Alexander v. Hawk, 159 F.3d 1321, 1326

5

(11th Cir. 1998) (a federal court does not have jurisdiction to consider the merits of a prisoner's suit until he has exhausted his available administrative remedies).

Georgia provides a two-tier formal prison grievance system for prisoners.[1] A Georgia inmate's first step in seeking an administrative remedy is to file a grievance with "the institution administrator for review." Id. If not satisfied, the inmate "has the right to appeal the administrator's resolution by bringing the matter to the attention of the Commissioner's Executive Assistant." (Id.). Plaintiff pursued relief only at the institutional level. Because Plaintiff did not appeal to the Commissioner's Executive Assistant, he failed to exhaust his available administrative remedies. Consequently, this Court does not have jurisdiction to address the merits of Plaintiff's allegations. This action should, therefore, be dismissed without prejudice.

III. Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. For the purpose of dismissal

---

[1] See www.dcor.state.ga.us/Divisions/Corrections/Inmate-Affairs.html.

6

AO 72A
(Rev.8/82)

only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 1st day of May, 2007.

*[signature]*
ROBERT L. VINING, JR.
SENIOR UNITED STATES DISTRICT JUDGE